# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | I.D. No.: | 30604628DI |
| | ) | | |
| v. | ) | | |
| | ) | | |
| BENJAMIN F. WHITEMAN, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## ORDER

Submitted: September 27, 2022
Decided: November 18, 2022

**AND NOW TO WIT**, this 18th day of November 2022, upon consideration of Benjamin F. Whiteman ("Defendant")'s *pro se* Motion for Postconviction Relief, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. In 1987, Defendant pled guilty to Burglary in the Second Degree. After declaring him a habitual offender under 11 *Del. C.* § 4214(a),[1] the Court sentenced him to ten years at Level V, suspending seven years of the sentence for decreasing levels of probation.[2] Defendant was declared a habitual offender though not sentenced as such.[3] Although the Court could have imposed a harsher sentence,

---

[1] 11 *Del. C.* § 4214(a) (1987) (current version at 11 *Del. C.* § 4214(a) (effective July 11, 2018)).
[2] *See* Sentence, *State v. Benjamin Whiteman*, Crim. I.D. No. 30604628DI, D.I. 10 (Del. Super. June 19, 1987).
[3] *See Whiteman v. State*, 2013 WL 5346310, 77 A.3d 273 (TABLE). at *1 (Del. Feb. 4, 2013); *Whiteman v. State*, 2009 WL 3086567, 981 A.2d 1173 (TABLE), at *1 (Del. Sept. 28, 2019).

1

Defendant was spared and sentenced to three years in prison.[4] And he was warned not to re-offend.[5]

2.     In 1989, Defendant was charged with multiple sexual offenses against two young girls, ages three and eight.[6] After a jury found Defendant guilty of Unlawful Sexual Penetration in the Third Degree, the Superior Court sentenced him to life imprisonment as a habitual offender.[7] The Supreme Court affirmed Defendant's conviction on direct appeal.[8]

3.     Defendant filed his first and second Motions for Postconviction Relief related to his Burglary sentence under Delaware Superior Court Criminal Rule 61 in 2006 and 2012, respectively. Both Motions were denied by the Superior Court and affirmed by the Supreme Court.[9]

---

[4] Crim. I.D. No. 30604628DI, D.I. 9–10.

[5] *See also* Crim. I.D. No. 30604628DI, D.I. 12 ("You have a very long record of misbehavior. You were extremely fortunate to be treated lightly by me. I only hope that when you do get out you commit no other felonious crime because it will mean a life sentence in all probability. Please don't —Motion for reduction denied.").

[6] The circumstances of these charges are well described by the Delaware Supreme Court: "In February, 1989, Whiteman was living at the home of the parents of two young girls-one age eight, the other age three. On February 19, the parents of the two girls went out to dinner, leaving the children at home with Whiteman. After the parents left, Whiteman and the two girls began watching television. Whiteman asked the older girl to sit on the couch next to him. He then began to rub her leg. Next, he lifted her robe and placed his finger in her vagina. Whiteman then went over to the younger girl and inserted his finger in her vagina. Whiteman threatened to harm the older girl if she told anyone what happened." Whiteman v. State, 586 A.2d 1203 (Del. 1991).

[7] *See* Sentence, *State v. Benjamin Whiteman*, Crim. I.D. No. 30901716DI, D.I. 14 (Del. Super. Oct. 27, 1989).

[8] *Whiteman v. State*, 1991 WL 12112, 586 A.2d 1203 (TABLE) (Del. Jan. 11, 1991).

[9] In his first Postconviction Motion filed in 2006, Defendant argued that his Motion should be granted as "1) he never admitted that he was a habitual offender under 11 *Del. C.* § 4214(a) as part of any agreement with the State in 1987;" "2) his counsel was ineffective"—specifically, his counsel failed to object at sentencing to the State's introduction of an order declaring him a habitual

2

4.     Defendant has also unsuccessfully filed multiple motions for corrections/modifications of that burglary sentence under Rule 35.[10]

5.     Now, Defendant files this third Motion for Postconviction Relief again challenging his habitual offender status and his plea colloquy related to his burglary sentence.[11]

6.     Since Defendant is not currently in custody for the burglary sentence, he is not entitled to Rule 61 considerations.[12]   Even if applicable, Defendant's

---

offender; "and 3) an illegal hearing was held by a judge in Chancery Court." *State v. Whiteman*, 2006 WL 1579781, at *1–2 (Del. Super. Apr. 5, 2006).

The Superior Court denied his Motion.   The Court found that Defendant's first claim was time-barred and was formerly adjudicated.   As to the second claim, the Court found that Defendant's counsel's representation was reasonable.   The Court found that the third contention was meritless as the plea hearing was held by The Honorable Alfred J. Stiftel in the Superior Court, not in the Court of Chancery.   The Supreme Court affirmed the Superior Court's judgment. *Id.* at *1–3.

In 2012, Defendant filed his second Motion for Postconviction Relief.   The Superior Court denied his Motion for Postconviction Relief, finding that Defendant's Motion was time-barred, repetitive, and raised claims that were procedurally defaulted or previously adjudicated. *See* Crim. I.D. No. 30604628DI, D.I. 72.   Defendant appealed, and the Supreme Court affirmed the Superior Court's order. *See* Crim. I.D. No. 30604628DI, D.I. 90.

[10] *See* Crim. I.D. No. 30604628DI, D.I. 14, D.I 35, D.I 43, D.I. 53, D.I 67, D.I 73, D.I 76, D.I 79, D.I. 83, D.I. 101, D.I 108, D.I. 111, D.I. 120.

[11] Defendant claims that: (1) Judge Stiftel abused discretion because defense counsel failed to inform him that Defendant's "statutory rights to remain silent and have State prove he's [a] Habitual Offender"; (2) during the plea colloquy, the Court failed to ask Defendant if he admitted that he was guilty of three prior felony convictions; (3) the Court has no jurisdiction over the claims on the plea agreement; and (4) the Court violated Defendant's due process rights as  failed to satisfy "ABA Standards" throughout the plea colloquy. *See* Motion for Postconviction Relief, Crim. I.D. No. 30604628DI, D.I. 123.

[12] Del. Super. Ct. Crim. R. 61(a)(1) ("This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction . . . .").

3

Motion is also procedurally barred because it is untimely[13] and successive.[14] This Court hopes that, if appealed, the Supreme Court enjoins Defendant's future untimely and successive Rule 61 filings without leave of the Court.[15]

7. For the reasons stated above, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.


/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge


oc: Prothonotary
cc: Defendant
Department of Justice
Investigative Services Office

---

[13] Defendant challenges his conviction that became final in 1987. The Motion was filed more than one year after the judgment of conviction was final, and Defendant does not assert a newly recognized, retroactively applicable right. *See* Super. Ct. Crim. R. 61(i)(1).

[14] Defendant filed two Motions for Postconviction Relief before filing this Motion. Defendant does not claim, with particularity, that new evidence exists that creates a strong inference that he is innocent. Nor does Defendant claim, with particularity, that a rule of constitutional law renders his conviction invalid retroactively. *See* Super. Ct. Crim. R. 61(i)(2).

[15] *See Carter v. State*, 221 A.3d 914, 2019 WL 5446020, at *1 (Del. Oct. 23, 2019) (TABLE) (providing a warning that the Supreme Court will enjoin the defendant/appellant's appeals from the Superior Court's orders if he repetitively files appeals from the Superior Court's orders dismissing his untimely and repetitive Rule 61 claims); *Russell v. State*, 134 A.3d 759 (Del. Mar. 4, 2016) (TABLE) (noting that the Supreme Court will not use "scarce judicial resources" to address the defendant's fourth untimely and successive postconviction relief claims).